**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

TECO GUATEMALA HOLDINGS, LLC

    Petitioner,

    v.

REPUBLIC OF GUATEMALA,

    Respondent.

Civil Action No.: 20-cv-09559-LTS

## JOINT STIPULATION OF WITHDRAWAL OF RESTRAINING NOTICE AND MOTION TO VACATE RESTRAINING NOTICE

**WHEREAS**, in an action before the United States District Court for the District of Columbia, between TECO Guatemala Holdings, LLC ("Petitioner" or "TGH") and the Republic of Guatemala ("Respondent" or "Guatemala"), a judgment was entered by the District Court for the District of Columbia on November 4, 2019 in favor of Petitioner in the amount of $35,462,237 (the "Judgment"), plus interest;

**WHEREAS**, the District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit have declined to stay the enforcement of the Judgment pending appeal;

**WHEREAS**, the District Court for the District of Columbia has further issued an order determining that, pursuant to 28 U.S.C. § 1610(c), a reasonable amount of time has elapsed since the entry of the Judgment such that Petitioner may pursue all possible methods of attachment or execution of Respondent's property to satisfy the Judgment;

**WHEREAS**, Petitioner registered the Judgment with the Supreme Court of the State of New York, New York County, on October 28, 2020;

AMERICAS 105334785

**WHEREAS**, as of November 2, 2020, the full amount of the Judgment and all interest that had accrued thereon, totaling $37,398,553.12, remained due and unpaid;

**WHEREAS**, on November 2, 2020, Petitioner served a restraining notice pursuant to CPLR 5222 (the "Asset Restraint") upon non-party the Bank of New York Mellon ("BNYM");

**WHEREAS**, on November 13, 2020, Respondent removed this action to the United States District Court for the Southern District of New York, docket number 20-cv-09559-LTS, and filed a motion to vacate the Asset Restraint, ECF Nos. 2-3; and

**WHEREAS**, as of November 24, 2020, the Judgment has been satisfied;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT**

1. Petitioner has withdrawn and vacated the Asset Restraint served on non-party BNYM, a true and correct copy of which is appended hereto as **Exhibit A**; and

2. Respondent hereby withdraws its motion to vacate the Asset Restraint, ECF Nos. 2-3, as moot.

Dated: November 24, 2020

/s/ *Gregory M. Starner*  

Gregory M. Starner

White & Case LLP
1221 Avenue of the Americas
New York, N.Y. 10020
Tel.: (212) 819-8200
Email: gstarner@whitecase.com

*Attorney for Petitioner TGH*

/s/ *Quinn Smith*  

Quinn Smith

GST LLP
1111 Brickell Avenue
Ste. 2715
Miami, FL 33131
Tel: (305) 856-7723
Email: quinn.smith@gstllp.com

*Attorney for Respondent Guatemala*

The Clerk of Court is requested to close this miscellaneous matter..
SO ORDERED  /s/ Laura Taylor Swain  11/24/2020
United States District Judge

AMERICAS 105334785

# Exhibit A

Case 1:20-cv-09559-LTS Document 1-1 Filed 11/25/20 Page 3 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| TECO GUATEMALA HOLDINGS, LLC<br><br>               Petitioner,<br><br>       -against-<br><br>REPUBLIC OF GUATEMALA<br><br>               Respondent. | **RESTRAINING NOTICE WITH INFORMATION SUBPOENA AND SUBPOENA *DUCES TECUM*** |

To:     The Bank of New York Mellon
        Corporate Trust Administration
        240 Greenwich Street, 7th Floor East
        New York, NY 10286

### RESTRAINING NOTICE TO GARNISHEE

**WHEREAS**, in an action in the United States District Court for the District of Columbia, between TECO Guatemala Holdings, LLC ("Petitioner" or "Judgment Creditor") and the Republic of Guatemala ("Respondent" or "Judgment Debtor"), a judgment was entered in the District Court for the District of Columbia on November 4, 2019 in favor of Petitioner in the amount of $35,462,237 (the "Judgment"), plus interest;

**WHEREAS**, Petitioner registered this Judgment with the Supreme Court of the State of New York, New York County, New York on October 28, 2020, and a copy of the registered Judgment and Affirmation of Gregory M. Starner in Support of Recognition of Foreign Judgment Against Republic of Guatemala are attached hereto as Exhibit A;

**WHEREAS**, the full amount of the Judgment, and all interest that has accrued thereon since November 5, 2019, remains due and unpaid;

AMERICAS 103320242

**WHEREAS**, by virtue of the interest continuing to accrue on the Judgment, the full amount now due to Petitioner as of the date of the registered Judgment is $37,398,553.12;

**WHEREAS**, the District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit have declined to stay the enforcement of the Judgment pending appeal;

**WHEREAS**, the District Court for the District of Columbia has further issued an order determining that, pursuant to 28 U.S.C. § 1610(c), a reasonable amount of time has elapsed since the entry of the Judgment such that the Judgment Creditor may pursue all possible methods of attachment or execution of Judgment Debtor's property to satisfy the Judgment; and

**WHEREAS**, upon information and belief, it appears that you owe a debt to the Judgment Debtor or are in possession or custody of property in which the Judgment Debtor has an interest, including, but not limited to

(1) bank accounts, deposits, and/or depository accounts owned or controlled by, or for the benefit of, the Republic of Guatemala, or any subdivisions, agencies or instrumentalities of the Republic of Guatemala and

(2) funds of the Republic of Guatemala, or its agents or employees, or any subdivisions, agencies or instrumentalities of the Republic of Guatemala, transmitted for the purpose of making interest and principal payments on the sovereign bonds issued by the Republic of Guatemala, including but not limited to the following:

| CUSIP or Common Code | Principal | Coupon Rate | Maturity | Coupon Payment Dates |
|---|---|---|---|---|
| CUSIP 401494AF6 | $700,000,000 | 4.875 | 2/13/2028 | February 13 /August 13 |

| CUSIP P5015VAE6 | $700,000,000 | 4.875 | 2/13/2028 | February13 /August 13 |
|---|---|---|---|---|
| Common Code 079047007 | $700,000,000 | 5.75 | 06/06/2022 | June 6 /December 6 |
| Common Code 079001961 | $700,000,000 | 5.75 | 06/06/2022 | June 6 /December 6 |
| CUSIP 401494 AN9 | $700,000,000 | 4.5 | 05/03/2026 | May 3 /November 3 |
| CUSIP P5015V AF3 | $700,000,000 | 4.5 | 05/03/2026 | May 3 /November 3 |
| CUSIP 401494 AP4 | $500,000,000 | 4.375 | 06/05/2027 | June 5 /December 5 |
| CUSIP P5015V AG1 | $500,000,000 | 4.375 | 06/05/2027 | June 5 /December 5 |
| CUSIP 401494 AQ2 | $500,000,000 | 4.9 | 06/01/2030 | June 1 /December 1 |
| CUSIP P5015V AH9 | $500,000,000 | 4.9 | 06/01/2030 | June 1 /December 1 |
| CUSIP 401494 AR0 | $700,000,000 | 6.125 | 06/01/2050 | June 1 /December 1 |
| CUSIP P5015V AJ5 | $700,000,000 | 6.125 | 06/01/2050 | June 1 /December 1 |
| CUSIP 401494 AS8 | $500,000,000 | 5.375 | 04/24/2032 | April 24 /October 24 |
| CUSIP P5015V AK2 | $500,000,000 | 5.375 | 04/24/2032 | April 24 /October 24 |

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the CPLR, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with any such property, or pay over or otherwise dispose of any such property or debt in which the Judgment Debtor has an interest, except as provided therein;

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

### CIVIL PRACTICE LAW AND RULES

Section 5222(b) – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

4

Dated: November 2, 2020
      New York, NY

                              White & Case LLP

                        By: */s/ Gregory M. Starner*

                            Gregory M. Starner
                            gstarner@whitecase.com
                            Jacqueline L. Chung
                            jacqueline.chung@whitecase.com
                            Christopher D. Volpe
                            christopher.volpe@whitecase.com
                            1221 Avenue of the Americas
                            New York, New York 10020
                            (212) 819-8839

                            *Attorneys for Judgment Creditors*

Case 1:20-cv-09555-LTS Document 161 Filed 11/25/20 Page 8 of 20

## INFORMATION SUBPOENA AND SUBPOENA *DUCES TECUM*

**WE COMMAND YOU**, pursuant to Rule 5224 of the N.Y. Civil Practice Law and Rules ("CPLR"), to (1) have an officer, director, agent or employee of The Bank of New York Mellon, having knowledge of the information herein requested, answer the questions attached herein as **ATTACHMENT NO. 1 ("Information Subpoena")** in writing under oath, each question to be answered separately and fully, using additional sheets appended if necessary, and return the original of the questions together with the answers to the undersigned in the prepaid addressed return envelope accompanying this subpoena within **seven (7) days** of their receipt; (2) produce the documents requested herein and identified in **ATTACHMENT NO. 2 ("Subpoena *Duces Tecum*")** in the prepaid addressed return envelope accompanying this subpoena within **ten (10) days** of receipt of this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

### CPLR 5224 Certification

I, undersigned counsel, hereby certify that this information subpoena complies with Rule 5224 of the CPLR and Section 601 of the N.Y. General Business Law, and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

*/s/ Gregory M. Starner*
Gregory M. Starner

## ATTACHMENT NO. 1: INFORMATION SUBPOENA

Re: *Teco Guatemala Holdings, LLC v. Republic of Guatemala*

STATE OF _____, COUNTY OF _____

_____, being sworn, deposes and says: that deponent is the _____ of _____, recipient of an information subpoena herein and of the questions accompanying said subpoena. The answers set forth are made from information obtained from records of the recipient and accord with the Definitions and Instructions listed in the attached **Schedule A**.

1. List any and all accounts held by, or for the benefit of, the Republic of Guatemala, or any subdivisions, agencies or instrumentalities of the Republic of Guatemala with The Bank of New York Mellon in any of its branches or affiliates anywhere in the world for the last five years, including the primary contacts for these accounts, the date such accounts were opened, the present value of such accounts in USD, the contents of such accounts, the account numbers for such accounts, and all recorded transactions for such accounts in the last ninety days.

2. Identify and state the current value of any and all monies, investments, assets and/or other property being held by or for the benefit of the Republic of Guatemala, or any subdivisions, agencies or instrumentalities of the Republic of Guatemala with The

7

Bank of New York Mellon, in any of its branches or affiliates, as of the date of this subpoena.

3. State whether there are or have been any bank, brokerage or trust accounts held at The Bank of New York Mellon, in any of its branches or affiliates, by a nominee, custodian, or other interested entity for the benefit of the Republic of Guatemala, or any subdivisions, agencies or instrumentalities of the Republic of Guatemala within the last five years. For each such account, state the name(s) of the account holder(s), the address(es) of the account holder(s), the account number, the date the account was opened, the present value of such accounts, and all recorded transactions for such accounts in the last ninety days.

4. List each account, asset, obligation and liability of the Republic of Guatemala, or any subdivisions, agencies or instrumentalities of Republic of Guatemala whether or not held by The Bank of New York Mellon, but known to You as of the date of this subpoena, including the holder and location of each such account, asset, obligation and liability.

5. Identify all sovereign bond issuances by the Republic of Guatemala for which The Bank of New York Mellon is currently the fiscal agent, indenture trustee, paying agent, transfer agent and/or registrar.

6. For each sovereign bond issuance identified in response to Question 5, identify all agreements that The Bank of New York Mellon has entered into with the Republic of Guatemala or any subdivisions, agencies or instrumentalities of the Republic of Guatemala with respect to each bond issuance, including any Fiscal Agency Agreements pertaining to each bond issuance.

7. For each sovereign bond issuance identified in response to Question 5, describe the process by which The Bank of New York Mellon receives interest or principal payments to be provided to bondholders, including (1) the name and address of the payor and/or originator of such interest or principal payments; (2) the next five (5) expected dates on which the payor and/or originator will transmit interest or principal payments to The Bank of New York Mellon; (3) the account(s) at The Bank of New York Mellon into which the payments are transmitted; (4) the identity, bank account location, and account number of any entity that issues a payment order to The Bank of New York Mellon relating to any interest or principal payments; (5) the next five (5) expected dates on which The Bank of New York Mellon will receive a payment order

9

relating to any interest or principal payments; and (6) the value of the expected interest or principal payments.

8. For each sovereign bond issuance identified in response to Question 5, describe the process by which The Bank of New York Mellon transmits interest or principal payments to bondholders including (1) the next five (5) expected dates on which The Bank of New York Mellon will transmit payments for the benefit of bondholders; (2) the accounts into which The Bank of New York Mellon will transmit payments; (3) the name, address, bank account location, and account number(s) of the immediate transferee(s) of these payments; (4) the identity of any entity that issues a payment order relating to interest or principal payments for the benefit of bondholders; (5) the amount of time it takes The Bank of New York Mellon to transmit interest or principal payments to the accounts of any bondholders; and (6) the method by which such interest or principal payments are transmitted.

9. For each sovereign bond issuance identified in response to Question 5, please identify the Bank employee(s) of The Bank of New York Mellon most knowledgeable about the Bank's duties and responsibilities with regard to the transmission of interest or principal payments to bondholders, including The Bank of New York Mellon's duties

10

and responsibilities vis-à-vis the payor or originator of any principal or interest payments made for the benefit of bondholders.

10. For each sovereign bond issuance identified in response to Question 5, please identify all representatives of the Republic of Guatemala, including any representatives of agencies, subdivisions, or instrumentalities of the Republic of Guatemala, who serve as the primary contact persons with regard to these bond issuances and the interest payments associated with them, including such person's full name, title, and contact information.

11. Identify all assets restrained by The Bank of New York Mellon in connection with the Restraining Notice to Garnishee served on Bank of New York Mellon on November 2, 2020.

Sworn to before me on _____ 2020

_____

The name signed must be printed beneath

11

AMERICAS 103320242

## SCHEDULE A TO INFORMATION SUBPOENA
## DEFINITIONS AND INSTRUCTIONS

1. Unless otherwise noted, the time period for each question in the Information Subpoena shall be from January 1, 2015 to the present.

2. "You" or "Your" means the Bank of New York Mellon as well as any attorney, affiliate, alter ego, agent, nominee, custodian, or representative of the Bank of New York Mellon.

3. This Information Subpoena applies to information contained within all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, designees, alter egos, agents, managers, employees, representatives, attorneys, custodians, nominees, or any other person.

4. In the event that you contend that any part of the requests in the Information Subpoena are objectionable, in whole or part, state with particularity each such objection and the bases thereof, and respond to the remainder of the request to the extent that you are not objecting to it.

5. These requests are continuing. If, after responding to this Information Subpoena, You become aware of additional information that is responsive to these requests, You are required to supplement your responses immediately.

AMERICAS 103320242

## ATTACHMENT B: *SUBPOENA DUCES TECUM*

### DEFINITIONS

1. "You" or "Your" means The Bank of New York Mellon as well as any attorney, affiliate, alter ego, agent, nominee, custodian, or representative of The Bank of New York Mellon.

2. Document" or "Documents" means any and all materials in the broadest sense contemplated by CPLR 3120, and shall include all written, printed, oral, recorded, or graphic material of any kind, type, nature, or description, however produced or reproduced.

3. The terms "any," "all" and "each" shall be construed interchangeably, so as to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

4. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

5. As used herein, the singular shall include the plural and the plural shall include the singular.

### INSTRUCTIONS

1. You are to produce all responsive documents that are within your possession, custody or control.

2. These requests are continuing. If, after producing the requested documents, You become aware of any further documents responsive to this request, You are required to produce to Petitioners such additional documents immediately.

13

AMERICAS 103320242

3. <u>Privileged or Proprietary Matter</u>. In the event that any document is withheld on the basis of any legal objection or privilege, indicate the following information for each such withheld document:

   a. date of document;

   b. general character or type of document (i.e., letter, memorandum, notes of meeting, etc.);

   c. the identity of the person in possession of the document;

   d. the identity of the author of the document;

   e. the identity of the original recipient or holder of the document;

   f. relationship of the author, addressee, and any other recipient;

   g. the general subject matter of the document; and

   h. the legal basis for withholding the document, including, but not limited to, any legal objection or privilege.

4. <u>Lost or Destroyed Documents</u>. If any document which is the subject of this request was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information:

   a. type of document;

   b. date of document;

   c. date when document became lost, discarded, or destroyed;

   d. circumstances under which the document was lost, discarded, or destroyed; and

   e. identity of all persons having knowledge of the contents of the documents.

AMERICAS 103320242

5. <u>Partial Production</u>. If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for Your inability to produce the remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portion.

6. If You object to any Request or part thereof, all documents to which Your objection does not apply shall be produced. If You object that a term or phrase is vague, ambiguous or indefinite, provide Your understanding of the term or phrase, or what You believe to be a reasonable interpretation of the term or phrase, and respond in accordance with that understanding or interpretation.

**DOCUMENT REQUESTS**

1. A copy of the fiscal agency agreement and any other agreements associated with any sovereign bond issuances by the Republic of Guatemala, including for those identified as follows:

| CUSIP or Common Code | Principal | Coupon Rate | Maturity | Coupon Payment Dates |
|---|---|---|---|---|
| CUSIP 401494AF6 | $700,000,000 | 4.875 | 2/13/2028 | February 13 /August 13 |
| CUSIP P5015VAE6 | $700,000,000 | 4.875 | 2/13/2028 | February 13 /August 13 |
| Common Code 079047007 | $700,000,000 | 5.75 | 06/06/2022 | June 6 /December 6 |
| Common Code 079001961 | $700,000,000 | 5.75 | 06/06/2022 | June 6 /December 6 |
| CUSIP 401494 AN9 | $700,000,000 | 4.5 | 05/03/2026 | May 3 /November 3 |

15

| CUSIP P5015V AF3 | $700,000,000 | 4.5 | 05/03/2026 | May 3 /November 3 |
| --- | --- | --- | --- | --- |
| CUSIP 401494 AP4 | $500,000,000 | 4.375 | 06/05/2027 | June 5 /December 5 |
| CUSIP P5015V AG1 | $500,000,000 | 4.375 | 06/05/2027 | June 5 /December 5 |
| CUSIP 401494 AQ2 | $500,000,000 | 4.9 | 06/01/2030 | June 1 /December 1 |
| CUSIP P5015V AH9 | $500,000,000 | 4.9 | 06/01/2030 | June 1 /December 1 |
| CUSIP 401494 AR0 | $700,000,000 | 6.125 | 06/01/2050 | June 1 /December 1 |
| CUSIP P5015V AJ5 | $700,000,000 | 6.125 | 06/01/2050 | June 1 /December 1 |
| CUSIP 401494 AS8 | $500,000,000 | 5.375 | 04/24/2032 | April 24 /October 24 |
| CUSIP P5015V AK2 | $500,000,000 | 5.375 | 04/24/2032 | April 24 /October 24 |

2. All agreements identified by The Bank of New York Mellon in response to Question 6 of the Information Subpoena.

3. Account statements for all accounts identified by The Bank of New York Mellon in response to Questions 1-4 and Question 7 of the Information Subpoena for the time period January 1, 2015 to the present.

4. Account opening documents for all accounts identified by The Bank of New York Mellon in response to Questions 1-4 of the Information Subpoena.

16

5. A current register of all bondholders associated with the bond issuances identified in Request No. 1, as maintained The Bank of New York Mellon in connection with its role as registrar of the above-stated issuances.

Dated: November 2, 2020
       New York, NY

                          White & Case LLP

                      By:   */s/ Gregory M. Starner*

                          Gregory M. Starner
                          gstarner@whitecase.com
                          Jacqueline L. Chung
                          jacqueline.chung@whitecase.com
                          Christopher D. Volpe
                          christopher.volpe@whitecase.com
                          1221 Avenue of the Americas
                          New York, New York 10020
                          (212) 819-8839

                          *Attorneys for Judgment Creditors*